## UNITED STATES DISTRICT COURT
### Eastern District of Kentucky
### At Lexington
### Civil Action No._____

OWNERS INSURANCE COMPANY                                                    PLAINTIFF

Vs.

CENTER COURT I, LLC,                                                        DEFENDANT

    Serve: William M. Lear, Jr.
           Registered Agent for
           Center Court, LLC
           300 West Vine Street, Ste. 2100
           Lexington, KY 40507

_____

## COMPLAINT FOR DECLARATORY JUDGMENT
_____

    Plaintiff Owners Insurance Company, by counsel, for its Complaint for Declaratory Judgment, states as follows:

### I.    Parties

1.  Plaintiff Owners Insurance Company ("**Owners**") is an insurance company incorporated in the state of Ohio with its principal offices located at 6101 Anacapri Boulevard, Lansing, Michigan.  Owners is authorized by the Department of Insurance of the Commonwealth of Kentucky to conduct the business of insurance in this Commonwealth.

2.  Defendant, CenterCourt I, LLC ("**CenterCourt**") operated or controlled a condominium building or units within the buildings ("**the Condominium**") located at and adjacent to 535 South Upper Street in Lexington, Kentucky.  This lawsuit concerns

claims for lost rent and property damage due to construction issues and extended infiltration of water into the real property and particularly the Condominiums operated or controlled by the Defendant.

3. This is an action seeking declaratory judgment concerning any claimed loss of rental income and any alleged damage to real or personal property and whether insurance coverage applies to these losses under the policy issued to CenterCourt by Owners. The amount in controversy exceeds seventy five thousand dollars ($75,000.00), exclusive of interest or costs.

## II. Jurisdiction

4. This is an action for declaratory judgement pursuant to 20 USC § 201. It is between citizens of different states, and the amount in controversy, exclusive of interest and costs, is in excess of the sum of seventy-five thousand dollars ($75,000.00). This Court has original jurisdiction pursuant to 28 USC § 1332.

5. This Court has personal jurisdiction over the parties as CenterCourt is a Kentucky limited liability corporation with its principal place of business located in Lexington, Kentucky. Owners, a foreign corporation, entered into a contractual agreement with this Kentucky corporation and the alleged damages occurred in Kentucky within the jurisdictional boundaries of this Court.

6. Venue is proper in that the contract upon which Owners seeks declaratory judgment was made between Owners and CenterCourt within the jurisdictional boundaries of this Court and is a contract upon which CenterCourt seeks coverage for its alleged damages to and arising from the real property located within the jurisdiction boundaries of this Court.

### III.   Facts

7.   Owners issued policy of insurance, Policy No. 074614-52001108 with effective dates of December 1, 2014 to December 1, 2015 ("**the Policy**") to "CenterCourt I, LLC South Hill Group LLC" for building and personal property coverage.

8.   Defendant CenterCourt operates a condominium building located at 535 S. Upper Street, Lexington, Kentucky defined above as the Condominium.

9.   It is claimed by Defendant that during the terms of the policy set out above, moisture damage occurred at and around the exterior balconies of the buildings into the interior, damaging the structure and causing a loss of rental income at the location in question.

10.   As a result of the alleged moisture damage, Defendant has sought coverage under the Policy for rental loss, pursuant to the Business Income (and Extra Expense) Coverage Form.

11.   The Plaintiff may claim coverage for damage to the real and personal property caused by the same moisture damage.

12.   The claimed moisture damage at and around the exterior balconies of the condominium buildings were caused by improper design and construction of the balconies and exterior building envelope.  The claimed damages were not caused by a single, one-time event.  Instead, the moisture infiltration that resulted in the claimed damages had been ongoing since the initial construction of the buildings and led to damage and decay over an extended period of time of at least several months, if not years.

## IV.  Complaint for Declaratory Relief

13.  The Policy does not provide insurance coverage to Defendant, CenterCourt, for the claimed damages.  In addition, the claims of Defendant, CenterCourt, are specifically excluded under the language of the policy.  Claims resulting from improper design, construction or damages and/or leaks that occur for a long period of time are specifically excluded by the clear policy terms.

14.  The Policy provided under the Building and Personal Property Coverage Form, A. Coverage states:

> We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.
>
> **1.  Covered Property**
>
> Covered Property, as used in this Coverage Part, means the type of property described in Section **A.1.**, and limited in **A.2.**, Property Not Covered, if a Limit of insurance is shown in the Declarations for that type of property.
>
> a.  **Building**, meaning the building or structure described in the Declarations, including:
>
> **(1)**  Completed additions.

15.  Among the coverage provisions of the Policy is an exclusion found at Causes of Loss – Special Form referenced in the policy provision above which provides as follows:

> **B. EXCLUSIONS**
>
> **1.**  We will not pay for loss or damage caused directly or indirectly by any of the following.  Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
> . . .

>> **g.** **Water**
>
>>> **(4)** Water under the ground surface pressing on, or flowing or seeping through:
>>>
>>>> **(a)** Foundations, walls, floors or paved surfaces;
>>>> **(b)** Basements, whether paved or not;
>>>> **(c)** Doors, windows or other openings; or

**See,** Causes of Loss-Special Form B(1)(g)(4)(a)(b)(c), in the policy attached hereto as Exhibit A.

> The policy further sets out:
>
>> **2.** We will not pay for loss or damage caused by or resulting from any of the following:
>> . . .
>>
>>> **d.** **(1)** wear and tear;
>>> **(2)** Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself.
>>>
>>> **f.** Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

**See**, Causes of Loss-Special Form 2(d)(1)(2) & (f), Exhibit A.

> The policy further states:
>
>> **3.** We will not pay for loss or damage caused by or resulting from any of the following, **3.a** through **3.c** However, if an excluded cause of loss that is listed in **3.a** through **3.c** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.
>>
>>> **a.** Weather conditions. However, this exclusion only applies if weather conditions contribute in any way

>>with a cause or event excluded in Paragraph **1.** Above to produce the loss or damage.
>>. . .
>
>>**c.** Faulty, inadequate or defective:
>
>>>**(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
>>>**(3)** Materials used in repair, construction, renovation or remodeling; or
>>>**(4)** Maintenance of part or all of any property on or off the described premises.

**See**, Causes of Loss-Special Form 3(a) and (c)(1)(2)(3), Exhibit A.

>Finally, the policy states:

>>**5.** **Additional Exclusion**
>
>>The following provisions apply only to the specified property.
>
>>**C.** **Limitations**
>
>>The following limitations apply to all policy forms and endorsements, unless or otherwise stated.
>
>>>1. We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.
>>>. . .
>
>>>**c.** The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:
>
>>>>**(1)** The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters.

**See**, Causes of Loss-Special Form 5.C.c.(1), Exhibit A.

6

In light of these Policy provisions and the facts alleged by CenterCourt and the facts as to the loss, coverage is excluded by the Policy.

16. To the extent the Defendant has claimed or will claim breach of contract and warranty. Such claims are not "occurrences" as defined under Kentucky law, and therefore, there is no coverage under the policy for said claims.

17. Pursuant to the policy form, Business Income (and Extra Expense) Coverage Form, coverage is provided as described and limited below for one or more of the following options for which a limit of insurance is shown in the declarations:

> **(1)** Business income including "Rental Value".
> **(2)** Business income Other Than "Rental Value".
> **(3)** "Rental Value".

18. "Rental Value" is defined in the policy as follows:

Business Income that consists of:

> **a.** Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred as rental income from tenant occupancy of the premises described in the Declarations as furnished and equipped by you, including fair rental value of any portion of the described premises which is occupied by you; and
>
> **b.** Continuing normal operating expenses incurred in connection with that premises, including:
>
>> **(1)** Payroll; and
>> **(2)** The amount of charges which are the legal obligation of the tenant(s) but would otherwise be your obligations.

**See**, Policy, Business Income (and Extra Expense) Coverage Form, (F), Definitions, (6), (a) and (b), Exhibit A.

19. Pursuant to the Business Income (and Extra Expense) Coverage Form, A, Coverage (1)(b), the policy states:

> We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". The "suspension" must be cause by direct physical loss of or damage to property at premises which are described in the Declarations and for which a Business Income Limit of Insurance is shown in the Declarations. The loss or damage must be caused by or result from a Covered Cause of Loss.
> . . .

**See**, Policy, A., Coverage, (1), Business Income, Exhibit A.

20. "Period of restoration" is defined in the policy at F., Definitions, (4), as follows:

> "Period of restoration" means period of time that:
>
> **a.** Begins:
>
> **(1)** Immediately following the time of direct physical loss or damage; however, if a waiting period is shown in the Declarations, then after such period following the time of direct physical loss or damage for Business Income Coverage; or
>
> **(2)** Immediately following the time of direct physical loss or damage for Extra Expense Coverage caused by or resulting from any Covered Cause of Loss at the described premises; and
>
> **b.** Ends on the earlier of:
>
> **(1)** The date when the property at the described premises should be repaired, rebuilt or replaced with reasonable speed and similar quality; or
> . . .
>
> "Period of restoration" does not mean any increased period required due to the enforcement of any ordinance or law that:
>
> **(1)** Regulates the construction, use or repair, or requires the tearing down, of any property; or
> **(2)** Requires any insured or others to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants".

21.     Based upon these provisions in the policy, if coverage could be found under the policy, the coverage is limited to the period of restoration found in the policy and is not an unlimited period of time.  In addition, it is limited by any requirement placed upon the property owner by any governmental body.

22.     Upon information and belief, the Lexington Fayette Urban County Government determined, through its building inspector, that the building lacked proper shoring walls and a number of units in order to maintain the structural integrity of the building and the units.  The shoring walls impaired the livability of the units and resulted in a number of tenants terminating their leases or demanding rent rebates or reductions due to both the construction of the shoring walls and impairment of the units as a result of those walls.  These requirements by the Lexington Fayette Urban County Government building inspector are not covered losses and therefore, no coverage is owed.

23.     Upon information and belief, Defendants are bound by the fungi and bacterial exclusions found in the policy at Commercial General Liability Form 55238.  Particularly, this endorsement excludes bodily injury and property damage arising out of, in whole or in part, the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any fungi or bacteria; and, any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, fungi or bacteria.  **See**, Fungi or Bacteria Exclusions, Endorsement (A)(1) and (2), Exhibit A.  Based on these provisions, Defendants claim for property damage or any loss, cost or expense arising out of the abatement of fungi or bacteria is barred under the terms of the policy.

24.     The Policy does not provide insurance coverage for the event complained of under the plain terms of each policy coverage. The terms of the policy exclude coverage for the damages claimed by Defendants.

25.     Plaintiff Owners is entitled to a declaration of this Court that the Policy does not provide insurance coverage to Defendants for the acts or damages as described above since these claims are not covered by the Policy and/or are expressly excluded under the provisions of the Policy.

WHEREFORE, Owners Insurance Company demands the Court as follows:

1.  Judgment declaring that it owes no coverage and no duties in regard to the claims of Defendant;
2.  For its costs herein expended; and,
3.  For any and all other relief to which it may appear entitled.

Respectfully submitted,

/s/ Joseph P. Hummel
Joseph P. Hummel
LYNCH, COX, GILMAN & GOODMAN, P.S.C.
500 W. Jefferson Street, Suite 2100
Louisville, KY 40202
Telephone: (502) 589-4215
Facsimile: (502) 589-4994
jhummel@lynchcox.com
***Counsel for Plaintiff,***
***Owners Insurance Company***